NORTHERN NEW JERSEY OIL COMPANY, PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE CITY OF NEWARK AND THE CITY OF NEWARK, RESPONDENTS.

Submitted January 27, 1928—Decided June 29, 1928.

Before ·Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutors, *Thomas Brunetto.*

For the respondents, *Jerome T. Congleton* and *J. Harry Henegan.*

PER CURIAM.

This case is presented to this court on a writ of *certiorari.* The writ brings up for review the action of the board of adjustment of the city of Newark in affirming the refusal of the superintendent of buildings of the city of Newark to grant to the prosecutor a permit for the erection of a gasoline service station in the city of Newark at the southwest corner of Broad street and Lincoln Park, known as Nos. 1075–1079 Broad street. The prosecutor is a lessee of the premises mentioned. It made an application to the superintendent of buildings of the city of Newark for a permit to erect a gasoline service station. The superintendent denied the application upon the ground that the granting of the permit was forbidden by the zoning ordinance of the city of Newark, adopted December 31st, 1919. Upon the refusal of the superintendent of buildings to grant the permit the

prosecutor appealed to the board of adjustment. A hearing was had before that board and a resolution was adopted by the board of adjustment denying the application, and affirming the action of the superintendent of buildings. The prosecutor then applied for and obtained the present writ of *certiorari*.

The proposed location for this service station is at a point of heavy traffic in the city of Newark. Many automobiles pass and repass the premises making the turn from Broad street west and from Lincoln Park into Broad street. It is a dangerous place. Bus routes terminate there. Lincoln Park is used as a playground for children. These matters undoubtedly were determining factors in the refusal of the superintendent of buildings and of the board of adjustment to grant this permit.

The prosecutor contends that there is no legal warrant by which the action of the board of adjustment can be upheld. We have reached the opposite conclusion. The ordinance in question provides that in a business district, and as a matter of fact the location in question is in a buisness district, although technically styled a mixed business and residential district, no building shall be erected which is intended to be used as a garage or group of garages except after public hearing. One of the powers of the board of adjustment is also to hear and decide special exceptions to the terms of the ordinance as follows: "Permit in a business district for the construction, extension, alteration or completion of a building intended for the storage of motor vehicles or motor vehicle service station, or gasoline service station, except as prohibited in section 6a."

The contention of the prosecutor is that the prohibition against garages does not apply to a gasoline service station. The word garage has been adopted into the English language from the French. It means "a station in which motor cars can be sheltered, stored, repaired and made ready for use." Until a few years ago the gasoline service station was not known. The service now rendered by it was to be found only at garages. There are different kinds of garages. At some machines can be furnished with gas and oil. At

others repairs are made. At others cars can be stored or hired. All those places are referred to as garages. In view of the fact that gasoline would be furnished at the building which the prosecutor desires to erect, we deem that it is a garage within the meaning of the ordinance. Upon this ground we think that the action of the board of adjustment should be affirmed.

There are other questions which are raised in the present proceedings. We feel that it is not necessary to decide them. It should, perhaps, be said that the location of the place is such that the action of the superintendent of buildings and the board of adjustment seems warranted in the interest of public safety. The action of the board of adjustment is affirmed and the writ of *certiorari* dismissed, with costs.